**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**GEORGE PETERSON**                                                                              **PLAINTIFF**

**v.**                                                          **No. 4:06CV9-M-A**

**MISSISSIPPI DEPARTMENT
OF CORRECTIONS, ET AL.**                                                **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of George Peterson (# 100224), who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated at the time he filed this suit. The plaintiff alleges that the defendants have erroneously attributed a conviction of robbery to him, when the appropriate conviction in his institutional file is grand larceny. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

**Classification**

Inmates have neither a protectable property or liberty interest to any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *Hewitt v. Helms*, 450 U.S. 460, 468 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995); Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (citations omitted); Miss. Code Ann. §§ 47-5-99 to -103 (1993). Prisoner classification is a matter squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances. *McCord*, 910 F.2d at 1250 (citations omitted).

The plaintiff has not set forth any circumstances in his complaint warranting intervention from this court. He alleges that the erroneous inclusion of the robbery conviction has removed him from eligibility for more favorable prison work assignments and housing, but these considerations are insufficient to trigger a due process claim. *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995). As such, the instant case shall be dismissed with prejudice for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 20th day of April, 2006.

                                                /s/ Michael P. Mills
                                                **UNITED STATES DISTRICT JUDGE**